## NATIONAL SURETY CO. v. VOLK BROS. CO., Inc.

### No. 11329.

Court of Civil Appeals of Texas. Dallas.

July 15, 1933.

Rehearing Denied Sept. 23, 1933.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Turner, Rodgers & Winn, M. B. Solomon, and W. F. Burrow, all of Dallas, for appellee.

BOND, Justice.

This suit is based on a burglary indemnity policy. Volk Brothers Company, Incorporated, secured from the National Surety Company insurance to indemnify it "for loss by burglary, of property insured, * * * occasioned by the felonious abstraction of any of such property, after entry into the safe and also into the portion specifically insured, has been effected by force and violence with tools, explosives, electricity, gas or other chemicals, directly thereupon, while all doors of said safe, and the portions specifically insured, are duly closed and locked by combination or time locks, of which force and violence there shall be visible marks on the exterior of both the safe and the portion specifically insured."

The suit was tried to the court without a jury, and resulted in judgment being rendered in favor of plaintiff for the sum of $2,710.89, from which defendant appealed. There is no conflict in the evidence.

The facts incident to the perpetration of the burglary, as found by the trial court, are as follows:

Entry into the building was effected through the street elevator of plaintiff's store building, located on Elm street. A heavy cross-barred steel partition separated the elevator shaft from the basement of the building, containing a sliding door which was duly locked. The burglar, or burglars, by means of a crowbar, or lever of some similar character, sprung the steel bars so as to permit entry of their hands through the bars, and, by force and violence, opened the door leading into the basement. The burglar, or burglars, thereupon proceeded to the fifth floor of the building, where the safe covered in the policy was located, and after rifing the contents of various files, cabinets, and other containers under lock, proceeded to burglarize the safe covered in the policy. The knobs at the left side of the outer door of the safe were, by force and violence, knocked off with tools of some character, and the knobs, when the burglary was discovered, were lying on the floor. These knobs had no connection with the lock or opening of the outer door of the safe, which was opened by manipulation of the lock. On the night before the burglary, the outer door of the safe was locked securely. Upon discovery of the burglary, the outer door was found to be unlocked and wide open. After the opening of the outer door, a charge of nitroglycerin was applied to the inner door

and discharged by an electric fuse, resulting in knocking off the lock completely and in springing the inner door. The evidence shows that the inner door was opened by force and violence with tools, explosives, electricity, gas, or other chemicals directly thereupon. Having effected the opening of the outer and inner doors, as hereinabove outlined, the burglar, or burglars, perpetrated the burglary as hereinabove stated, abstracted the money in the amount stated, and thereafter threw the used fuse on top of certain shelving in the store.

 The obvious purpose of the contract of indemnity was to · cover loss occasioned through forcible entry into the safe, and the portion of the safe specifically insured, and that such entry be effected by the use of tools, explosives, etc., directly applied thereupon, while the doors are duly closed and locked, and the force employed be visibly marked on the outside of the safe. The evident intention of the company was to insure against a "criminal" entry and abstraction, and to avoid payment for a collusive or watchful seizure.

The indemnifying clause of the policy does not require entry into the safe by the application of force and violence to the outside door, or exterior surface of the safe; the requirement is, that the exterior of the safe, and the portion of the safe specifically insured, shall bear mute evidence that force and violence were exerted to effect the entrance into the interior or inside of the safe, where the insured property was located. The term "into the safe and the portion specifically insured * * * be effected by force" bears the interpretation that the force employed shall be sufficient to complete an entrance into the inside, or the innermost portion of the safe; giving the word "effected" the meaning of "accomplish," "complete," "produce," "bring to pass" (Webster) to the intended force to bring about the opening of the portion of the safe specifically insured, we arrive at the evident intention of the parties—force applied to accomplish the complete entry into the innermost portion of the safe, and visible marks of such force be on the exterior of the safe. The knobs on the outside of the safe were knocked off by force and violence with tools, and the door necessary to effect entrance to the inside portion of the safe was opened by explosives; thus the burglarious entry left its mark within the terms and conditions of the policy. The efforts of the criminal to effect the entrance consisted of successive acts of violence, each tending to effect the entrance into the place for the storage of valuables in safety from risk of theft. The building was forcibly entered, the outermost door of the safe was opened by the manipulation of the lock, and the innermost door by explosives; thereby the loss was effected. The provision of the policy, that all doors must be closed and locked, has no application to the opening of the outer door, as the manipulation of the lock and the opening of the door formed a part of the burglarious entry into the place of storage. It was evidently the intention of the parties that liability should not exist if any of the doors of the safe were improvidently left open, which was not done in this case.

 It is further stipulated in the policy that, "the company shall not be liable for any loss effected by opening any safe or vault insured hereunder by the use of any key, or by the manipulation of any lock." The manipulation of the lock on the outer door of the safe evidently did not effect the loss; the loss was effected (accomplished, completed, produced [Webster]), by the burglarious opening of the door to the portion of the safe specifically insured by a charge of nitroglycerin. The manipulation of the outer lock may have affected (influenced, concerned, inclined [Webster]) the entry into the safe, but it did not effect the loss. The loss of the indemnified property by the opening of the inner door is not a corollary to the opening of the outer door by the manipulation of its lock. The loss was occasioned by the opening of the door which effected the entrance to the portion of the safe specifically insured. The property insured was not taken from any compartment to which access had been gained by the manipulation of a lock. If the safe had had only one door, and that door had been entered by the manipulation of the lock and the property insured abstracted therefrom, then the excepted provision would find support in the record. The safe was equipped with two doors; the loss was effected by the forcible entry of the second door, and mute evidence of force and violence, visibly marked, appears on the exterior of the safe. An analysis of the facts clearly indicates that all of the conditions are presented in the actual burglary of the safe and the loss of the valuables were effected by the means enumerated in the policy.

██ The company formed the policy and used its own language, and it is obviously designed to escape liability by the use of highly technical and obscure language. When any doubt arises anent the construction of contract conditions, courts uniformly give the insured the benefit of such doubt —such conditions will be construed most strongly against the insurer; so also, when a provision admits of more than one construction, that construction will be adopted which best serves to carry out the purposes of the contract and the intention of the parties.

Under the · facts shown, the loss was brought about within the indemnity clause of the policy, and recovery cannot be defeated by a strained application of its provisions—that all doors were not closed and

locked when entrance into the safe was effected, and that the outer door was opened by the manipulation of the lock. Force and violence were visible on the outside and inside of the safe, and the property insured feloniously abstracted therefrom. The judgment of the trial court is affirmed.

Affirmed.